IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT NELSON,                   §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:05-CV-551-A
                                 §
COLONIAL SAVINGS, F.A.,          §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

On October 5, 2006, defendant, Colonial Savings, F.A.

("Colonial"), moved for summary judgment on all claims asserted

by plaintiff, Robert Nelson ("Nelson"), in this suit.  Having

considered the motion, the response, the reply,[1] the summary-

judgment evidence, and the applicable legal authorities, the

court concludes that the motion should be granted as stated

below.

I.

Plaintiff's Claims

In this lawsuit, Nelson contends that Colonial terminated

his employment in violation of (1) the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213; (2) the Family

Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654; and (3) the

Age Discrimination in Employment Act ("ADEA").[2]

---

[1]As part of its reply, Colonial has objected to some of Nelson's
summary-judgment evidence.  The court has taken these objections into account
in deciding what weight to give the complained of evidence.

[2]Colonial had understood Nelson also to assert a claim for failure to
accommodate his purported disability.  Because Nelson has clarified that he is
not asserting this claim, the court does not address it.  See Pl.'s Resp. to
Def.'s Mot. for Summ. J. at 25, § D.

II.

<u>The Motion for Summary Judgment</u>

Colonial maintains that Nelson cannot establish a prima-
facie case of any of his claims.  Even if there were evidence
establishing a prima-facie case on his claims, Colonial contends
that it had a legitimate, non-discriminatory and non-retaliatory
reason for terminating Nelson's employment.

III.

<u>Facts</u>

A.   <u>Relevant Undisputed Facts</u>

Colonial, a financial services and lending institution,
hired Nelson in February of 1998 to work in the Home Loan Center
("HLC") as a loan officer.  In that position, Nelson was
responsible for mortgage retention, which involves attempting to
convince current Colonial customers to refinance their mortgages
with Colonial and not a competitor.

At the time of his hire, Nelson was 65 years old and used at
least one cane to walk.  In 2000, Nelson was diagnosed with
Myasthenia Gravis, a neuromuscular disease that caused weakness
in his legs.  During his employment with Colonial, Nelson
eventually needed two canes to walk, but, with them, he could
walk at almost a regular pace.  Due, however, to complications
from the disease in 2003, Nelson needed two days off every six
weeks for treatment, as well as a later start time each day due
to the side-effects of his medications.  Colonial granted each of

these accommodations.  In approximately the spring of 2004, Nelson asked someone in Colonial's Human Resources for the forms to request leave under FLMA for the days on which he received treatments so that he would no longer have to use sick and vacation days for that time off.  In June of 2004, he submitted his medical certification to Colonial to qualify for and in preparation for FMLA leave.

In early 2003, six to seven of the HLC loan officers were transferred to retail loan officer positions where they were required to generate new loans and make in-person visits with potential customers.  The other six to seven HLC loan officers, including Nelson, continued to perform as they had before but under the new title "retention loan officer."

Also in 2003, due to slowing business, Colonial was forced to lay off 49 employees, including one of the HLC retention loan officers.  Some of these employees were younger than Nelson. When Colonial's business continued downward into 2004, and in an attempt to save expenses without having to lay off additional employees, Colonial changed the retention loan officers' hours from a full time, 40-hour-work week to a 30-hour-work week. Apparently this cost-cutting measure proved ineffective as, between January 1, 2004, and August 1, 2004, Colonial laid off another 35 employees, all of whom were younger than 40, and not, to Colonial's knowledge, disabled.  Also, of those 35 employees, 33 had not requested leave under FMLA.

Business conditions required Colonial to lay off even more
employees in August of 2004.  As part of this round of lay offs,
Colonial's Vice-President of Production, Mark Dennis, directed
Nelson's supervisor to reduce the number of employees at the HLC.
On July 28, 2004, Nelson was handed a letter stating that, due to
a reduction in force, he was being terminated effective August
31, 2004.

B.    Relevant Disputed Facts

According to Colonial, Nelson was fired, because, among the
retention loan officers, he had the lowest amount of loans closed
per hours worked.  Nelson alleges that, upon being informed of
his termination, he asked Berry Roberson ("Roberson"), the
manager of HLC, if he could transfer to a retail loan officer
position.  In response, Roberson purportedly told him: "You
wouldn't be comfortable going outside."  Roberson denies ever
making such a statement.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part
of a claim as to which there is no genuine issue of material fact
and as to which the moving party is entitled to judgment as a
matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial
burden of showing that there is no genuine issue of material
fact.  Anderson, 477 U.S. at 256.  The movant may discharge this
burden by pointing out the absence of evidence to support one or

4

more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

To establish a prima-facie case of retaliation under FMLA as alleged by Nelson here, see Pl.'s Resp. to Def.'s Mot. for Summ. J. at 11-12, Nelson must show that: (1) he is protected under FMLA; (2) he suffered an adverse employment decision; and (3) the

adverse decision was made because of his request for leave under
FMLA.  See Bocalbos v. Nat'l W. Life Ins. Co., 162 F.3d 379, 383
(5th Cir. 1998).[3]  For a prima-facie case under the ADEA, he must
show that: (1) he was fired or demoted; (2) he was qualified for
the position in question; (3) he is a member a protected class
(i.e. over the age of forty); and (4) he was replaced by someone
outside the protected class or younger.  See, e.g., Evans v. City
of Houston, 246 F.3d 344, 350 (5th Cir. 2001); Bennett v. Total
Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998).  Finally, a
prima-facie case under the ADA requires Nelson to show that: (1)
he has a disability; (2) he is a qualified individual for the job
in question; and (3) an adverse employment decision was made
because of her disability.  See Talk v. Delta Airlines, Inc., 165
F.3d 1021, 1024 (5th Cir. 1999).   Even if Nelson makes out
prima-facie cases on all his claims, summary judgment for
Colonial may nonetheless still be proper under the evidentiary
burden-shifting framework of McDonnell Douglas Corp. v. Greene,
411 U.S. 792 (1973), as modified by Desert Palace, Inc. v. Costa,
530 U.S. 90 (2003).  See Rachid v. Jack in the Box, Inc., 376
F.3d 305, 312 (5th Cir. 2004).  Under this framework, after the
plaintiff establishes a prima-facie case, the burden shifts to
the defendant to articulate a legitimate, non-retaliatory reason
for its actions.  Id.  If the defendant meets this burden, then

---

[3]A plaintiff may also meet the third element of a prima-facie case by
showing that he was treated less favorably than an employee who had not
requested leave under FMLA.  Bocalbos, 162 F.3d at 383.  Nelson does not
appear to make this assertion and, at any rate, there is no evidence to
support it even if he had.

plaintiff must offer evidence sufficient to create an issue of material fact "'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).'" Id. (quoting Rishel v. Nationwide Mut. Ins. Co., 297 F. Supp.2d 854, 865 (N.D.N.C. 2003).[4]

The court has serious doubts as to whether Nelson has shown a prima-facie case as to any of his claims. Even assuming, however, that he has, the court is amply satisfied that Colonial is entitled to judgment as a matter of law, because it has adduced evidence of a legitimate non-discriminatory reason for terminating Nelson's employment. Rachid, 376 F.3d at 312. Simply put, the summary-judgment record reflects that Nelson was merely one of many employees laid off due to a downturn in Colonial's business. Indeed, Nelson readily concedes this:

> Colonial claims that Nelson's termination was due to the fact that Colonial's mortgage loan business had declined to the point where a loan officer needed to be laid off, and that Nelson was the lowest-producing loan officer . . . Colonial has articulated a legitimate, non-discriminatory reason for Nelson's termination. Thus, Nelson must now raise a genuine issue of material fact regarding the falsity of Colonial's proffered reason, or show that even if true, the proffered is but one reason, the other being discriminatory animus.

See Pl.'s Resp. to Def.'s Mot. for Summ. J. at 17.

---

[4]The modified burden-shifting framework of McDonnell-Douglas applies to all of Nelson's claims. See, e.g., Rachid, 376 F.3d at 312 (applying it to ADEA claim); Bocalbos, 162 F.3d at 383 (applying it to FMLA claim); Raytheon Co. v. Hernandez, 540 U.S. 44, 50-52 (2003) (applying it to ADA claim).

Having correctly articulated his burden of proof at this
juncture, Nelson fails to carry it.  Rather, he merely urges that
Colonial should have used different business factors than the one
used, i.e. loans closed per hours worked, in choosing which
employee to fire.  This assertion is insufficient to defeat
Colonial's motion for summary judgment.  As the Fifth Circuit has
repeatedly held, "anti-discrimination laws 'are not vehicles for
judicial second-guessing of business decisions.'"  See, e.g.,
Mato v. Baldauf, 267 F.3d 444, 452 (5th Cir. 2001) (quoting
Deines v. Texas Dep't of Protective & Regulatory Serv., 164 F.3d
277, 281 (5th Cir. 1999)).

Aside from nitpicking at the business reason why he was
fired, the only other purported evidence possibly relied on by
Nelson to show discriminatory intent on Colonial's part is the
alleged remark made by Roberson that Nelson "wouldn't be
comfortable going outside."  Even if Roberson made this remark,
he said it after Nelson was fired and in response to Nelson's
informal request for an entirely different job as a retail loan
officer at Colonial.  For a remark to be probative of
discrimination, "it must be direct and unambiguous, allowing a
reasonable jury to conclude without any inferences or
presumptions that [the protected characteristic] was an
impermissible factor in the decision to terminate the employee."
E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir.
1996).  Neither stray nor vague remarks are sufficient.  Id.;
Guthrie v. Tifco Industries, 941 F.2d 374, 378-79 (5th Cir.

1991).   Again assuming it was even said, the complained-about
remark has no obvious connection to Nelson's age, alleged
disability, unfulfilled intent to request leave under FMLA, or
Colonial's decision to lay him off.   Among a myriad of
possibilities, it could very well reflect Roberson's belief that
Nelson's personality is not well suited for a job requiring such
direct and in-person interaction with people.   In short, this
stray remark is much too vague to constitute competent summary-
judgment evidence of discriminatory intent.   Summary judgment for
Colonial is proper.

VI.

Order

     For the reasons discussed above, the court concludes that
Colonial's motion for summary judgment should be granted.
Therefore,

     The court ORDERS that all of Nelson's claims and causes of
action against Colonial in the above-captioned action be, and are
hereby, dismissed with prejudice.

     SIGNED November 29, 2006.

                         /s/ John McBryde
                         JOHN McBRYDE
                         United States District Judge

9